```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
CHRISTOPHER WRIGHT,

                Plaintiff,
                                         MEMORANDUM & ORDER
        v.
                                         20-CV-667(KAM)(LB)
WHITSONS CULINARY GROUP,

                Defendant.
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On February 6, 2020, Christopher Wright ("Plaintiff") filed this *pro se* action against his former employer, Whitsons Culinary Group ("Defendant"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").  (ECF No. 1, Complaint ("Compl.").)  On February 7, 2020, Plaintiff filed a letter supplementing his complaint.  (ECF No. 4, Letter Supplementing Complaint ("Supp. Compl.").)  The Court grants Plaintiff's application to proceed *in forma pauperis*, dismisses the complaint for failure to state a claim upon which relief may be granted, and grants Plaintiff thirty (30) days to file an amended complaint.

## Background

The following facts are derived from Plaintiff's complaint, and letter supplementing his complaint, and are accepted as true for purposes of this Memorandum and Order.

1

Plaintiff's complaint arises from discrimination suffered during his tenure with Defendant. On various occasions between January and February 2019, Plaintiff was "forced to do things against company policy." (*Id.* at 4.) Specifically, a supervisor directed Plaintiff to "pick up trash from the floor," despite the fact that he was "work[ing] with food at that time." (*Id.* at 5.) When Plaintiff refused to pick up the trash as directed, the supervisor "wrote [him] up as insubordina[te]." (*Id.*) The supervisor also "forged [Plaintiff's] signature" in an unspecified manner." (*Id.*) The employer also "didn't want to give [Plaintiff] unemployment," but "[Plaintiff] filed suit and won [his] case," presumably meaning that Plaintiff established his entitlement to unemployment benefits. (*Id.*)

In his letter supplementing his complaint, Plaintiff provides additional details. The supervisor "continuously mocked [Plaintiff]," and always made Plaintiff feel "as if [he] had to do over, and beyond, what other employees were made to do." (Supp. Compl. at 1.) The supervisor "made it his job to follow [Plaintiff] around" and "always had something negative to say to [Plaintiff] for no reason." (*Id.*) Plaintiff also details an incident where Plaintiff refused to comply with the supervisor's request that he sign a paper, causing the supervisor to become "very angry" and, apparently, discharge Plaintiff from his employment with Defendant. (*Id.* at 2.)

2

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") around March 2019.  (Compl. at 6.)  The EEOC issued a Notice of Right to Sue letter on February 1, 2020.  (*Id.*)  A copy of the letter is attached as an exhibit to Plaintiff's complaint.  (*Id.* at 8.)

Plaintiff alleges that he suffered discrimination due to his race ("Jamaican"), color ("Black"), gender/sex ("Male"), and national origin ("Jamaican").  (*Id.* at 5; *see also* Supp. Compl. at 1 (stating that Plaintiff "honestly believe[d] [that] [the supervisor] really hated [Plaintiff] for what [he] can only believe is [his] race").)  The discriminatory conduct of which Plaintiff complains in this action includes termination, unequal terms and conditions of employment, retaliation, and (as noted above) being "forced to do things against company policy."  (Compl. at 4.)  As relief, Plaintiff seeks unspecified damages and to return to his employment with Defendant.  (*Id.* at 6.)

### Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where a plaintiff is proceeding *in forma pauperis*, the

3

district court must screen the complaint and dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although the reviewing court must construe the plaintiff's pleadings liberally to raise the strongest arguments they suggest, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the complaint must still state a claim to relief that is plausible on its face, *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

### Discussion

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1). To state a plausible Title VII employment discrimination claim, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

"[A]t the initial stage of the litigation . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing

4

facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original). Nonetheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (internal alterations and quotation marks omitted).

In this action, Plaintiff has pleaded sufficient facts to establish that Defendant took adverse action against him, and that he is a member of a protected class. Plaintiff's complaint is plainly deficient, however, as Plaintiff fails to provide any facts drawing a connection between the challenged employment actions and his race, gender, or national origin. The only statement raising such an inference is Plaintiff's conclusory statement that he "honestly believe[d] [the supervisor] really hated [him] for what [he] can only believe is [his] race," but this statement is unsupported by any facts in the complaint. Nor does Plaintiff identify the race, color, national origin, or gender of the employees whom he alleges received better treatment by the supervisor. Plaintiff's complaint is merely speculative and conclusory and does not nudge his claims across the line from conceivable to plausible.

5

Title VII also prohibits an employer from retaliating against an employee based on the employee's opposition to an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a). To state a plausible Title VII claim for retaliation, "[a] plaintiff must plausibly allege that: (1) defendants discriminated — or took an adverse employment action — against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90.

It is important, however, to bear in mind that complaints about "just any law" will not suffice – the plaintiff must "have had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks and citations omitted). Additionally, although the plaintiff's "complaints may be informal, they cannot be so vague or 'generalized' that the employer could not 'reasonably have understood[] that the plaintiff's complaint was directed at conduct prohibited by Title VII.'" *Bowen-Hooks v. City of New York*, No. 10 CV 5947, 2014 WL 1330941, at *26 (E.D.N.Y. Mar. 31, 2014) (quoting *Rojas v. Roman Catholic Diocese of Rochester,* 660 F.3d 98, 108 (2d Cir. 2011)).

Even under the most liberal interpretation of Plaintiff's allegations, the court cannot find that Plaintiff

6

has stated a plausible retaliation claim. The only complaint described in Plaintiff's filings is Plaintiff's alleged dispute with his supervisor about picking up trash in violation of company policy. Plaintiff does not allege any facts suggesting that Plaintiff made any complaints regarding unlawful employment practices whatsoever, and his conclusory allegations that Defendant retaliated against him based on his race, color, gender, or national origin are unsupported by the facts.

## Conclusion

For the reasons set forth above, the court dismisses Plaintiff's complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, however, the court will grant Plaintiff thirty (30) days from the date of this Memorandum and Order (until May 26, 2020) to file an amended complaint which corrects the deficiencies summarized above.

The amended complaint must include a short and plain statement of facts sufficient to support a plausible claim that Plaintiff's former employer discriminated and/or retaliated against him in violation of Title VII. If available, plaintiff may include a copy of the charge of discrimination filed with the EEOC as an exhibit. Plaintiff must also attach the EEOC Dismissal and Notice of Rights letter to the amended complaint.

If plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the same docket number as his original complaint and this Order, 20-CV-667(KAM)(LB). Because the amended complaint will replace the original complaint, it must include all relevant facts, without reference to the original complaint.

Although the court dismisses Plaintiff's complaint, the Clerk of the Court is directed to hold the closure of this case in abeyance for thirty (30) days in the event that Plaintiff files an amended complaint. If Plaintiff does not file an amended complaint by May 26, 2020, or show good cause why he cannot do so, the Clerk of Court will enter judgment and close this case without further order of the court.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order and a form employment discrimination complaint to Plaintiff and to note service on the docket. Plaintiff may contact the City Bar Justice Center, Federal *Pro Se* Litigation Project at (212) 382-4729, for limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is

8

denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   April 23, 2020
         Brooklyn, New York

                                                /s/
                                       Hon. Kiyo A. Matsumoto
                                       United States District Judge